IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Neill,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc., *et al.*,<br><br>　　　　　Defendants. | No. CV-16-04326-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Trans Union, LLC's ("Trans Union") Motion for Judgment on the Pleadings (Doc. 39, Mot. for J. on the Pleadings ("MJOP")), to which Plaintiff Patrick Neill filed a Response (Doc. 51, Resp.) and Trans Union filed a Reply (Doc. 52). Defendant Experian Information Solutions, Inc. ("Experian") joined in Trans Union's Motion (Doc. 41) and also filed a Reply (Doc. 53). On the same day as he filed the Response to Trans Union's Motion, Plaintiff also filed a Motion for Leave to File a Second Amended Complaint (Doc. 50), to which Trans Union filed a Response (Doc. 54) and Plaintiff filed a Reply (Doc. 55). For the reasons set forth below, the Court will deny Defendants' Motion under Federal Rule of Civil Procedure 12(c) and grant Plaintiff's Motion under Federal Rule of Civil Procedure 15.

**I.　BACKGROUND**

In September 2014, Plaintiff signed a one-year residential lease ending on September 1, 2015, with Park Kiely apartments. (Doc. 16, First Am. Compl. ("FAC") ¶ 5.) In August 2015, Plaintiff informed the Park Kiely leasing office that he would not

renew his lease. (FAC ¶ 6.) On August 30, 2015, Plaintiff signed a Resident's Notice of Intent to Vacate. (FAC ¶ 7.) The notice included the following provision: "I understand that I am NOT giving the required written notice and acknowledge that necessary deductions will be made from my security deposit and other fees may be due under the term of my lease." (FAC ¶ 7.) However, the original lease did not require Plaintiff to submit a written notice to end the lease. (FAC ¶ 8.)

In October 2016, Plaintiff obtained his credit files from Defendants. Both files listed a debt owed to Park Kiely of $6,509.00. (FAC ¶ 9.) On October 25, 2016, Plaintiff submitted letters to both Defendants disputing the Park Kiely debt. (FAC ¶ 10.) In November, Plaintiff received the investigation results from both Defendants. (FAC ¶¶ 12-13.) The Trans Union file listed a debt owed to Park Kiely of $6,509.00, and the Experian file listed a debt owed to Park Kiely of $6,543.00. (FAC ¶¶ 12-13.)

In the FAC, the operative pleading, Plaintiff asserts various violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), against Defendants. Defendants now move for judgment on the pleadings based on Plaintiff's failure to sufficiently plead his claims. (Docs. 39, 41.)

In response, although he contests Defendants' Motion, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Doc. 50.) In relevant part, the proposed Second Amended Complaint ("SAC") adds an allegation related to Plaintiff's claims that Defendants failed to follow reasonable procedures in preparing an accurate credit report in violation of 15 U.S.C. § 1681e(b) and Defendants violated § 1681i by failing to conduct reasonable reinvestigations to determine the accuracy of Plaintiff's disputed debt information.

## II. LEGAL STANDARDS

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A Rule 12(c) motion is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and

the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Specifically, a complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

3

## III. ANALYSIS

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

A prerequisite for bringing a claim against a credit reporting agency under either § 1681e or § 1681i is evidence of an inaccuracy in the credit report. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement.")

### A. Accuracy of Report

"In order to make out a *prima facie* violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond*, 45 F.3d at 1333; *see also Loomis v. U.S. Bank Home Mortg.*, 912 F. Supp. 2d 848, 855 (D. Ariz. 2012). Because the FCRA does not impose strict liability based on an inaccurate report, Defendants can escape liability by showing that they followed reasonable procedures in preparing the report. *Guimond*, 45 F.3d at 1333. However, "reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Id.*

Defendants first move for judgment on the pleadings because the credit file Plaintiff obtained from Defendants was not a "consumer report" within the meaning of the statute. (MJOP at 5–6.) Relying on the definition in §1681a(d), Defendants claim that in order to qualify as a "consumer report" for purposes of § 1681e liability, the report must be delivered to a third party. Defendants cite to cases from the Eleventh and Seventh Circuits to argue that "a 'consumer report' is different from a consumer disclosure that is provided to a consumer as record of his own credit file," and "there cannot be a consumer report without delivery to a third party." (MJOP at 5–6.)

However, the statute does not explicitly require delivery to a third party in order to be a "consumer report." *See* § 1681a(d). Rather, a consumer report is "any written, oral, or other communication . . . bearing on a consumer's credit worthiness . . . which is used or expected to be used . . . for credit or insurance . . . purposes [or] employment purposes." *Id.* Cases in this District have declined to follow the interpretation that a consumer report differs from a file pulled for the consumer's own records. *See, e.g., Cairns v. GMAC Mortg. Corp.*, No. CV-04–1840–PHX–SMM, 2007 WL 735564, at *3 (D. Ariz. Mar. 5, 2007). Indeed, the Ninth Circuit has indicated its disapproval of the idea that a consumer report necessitates delivery to a third party. *See Guimond*, 45 F.3d at 1333 ("[W]e find that a failure to comply with §1681e(b) is actionable even absent a denial of credit. Accordingly, the district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event—denial of credit or *transmission of the report to third parties*.") (emphasis added). Further, the statutory definition states that a consumer report is one that is *expected* to be used for credit or employment purposes. Plaintiff could pull his file for any number of reasons to establish credit, without requiring Defendants to deliver the report directly to a third party.

Because Plaintiff sufficiently alleged that Defendants prepared an inaccurate report, Plaintiff has presented a *prima facie* violation under § 1681e. Under *Guimond*, the fact-finder generally determines whether Defendants followed reasonable procedures in preparing the credit files. Accordingly, the Court denies Defendants' Motion with respect to § 1681e.

**B.** **Reasonable Reinvestigation**

Defendants also contend that Plaintiff did not sufficiently allege that they failed to conduct reasonable reinvestigations under § 1681i. (MJOP at 6.) Under the Federal Rules' standard for pleading, a court may dismiss a complaint only if the allegations are insufficient to plausibly state a claim. *Iqbal*, 556 U.S. at 678. To state an FCRA claim, a consumer first needs to allege facts supporting an inference that the consumer reporting

agency prepared an inaccurate report, *Baker v. Trans Union LLC*, No. CV-10-8038-PHX-NVW, 2010 WL 2104622, at *4 (D. Ariz. May 25, 2010), which Plaintiff has done.

Though the Court notes that Plaintiff's allegations are not extensively detailed, the Court is satisfied that the allegations are sufficient to plausibly state a §1681i claim. Defendants contend the alleged facts do not provide enough information to show that they did not conduct reasonable reinvestigations; however, Plaintiff is not required to prove his case in the Complaint. *See Iqbal*, 556 U.S. at 677–78. While Plaintiff may not have all the evidence necessary at this point to prove his case—and indeed Plaintiff is faced with the problem of alleging what did not happen—Plaintiff has alleged sufficient facts to support an inference that Defendants did not conduct reasonable reinvestigations under § 1681i. For example, from the allegation that Plaintiff contacted Defendants but their reinvestigation results continued to state that Plaintiff owed the Park Kiely debt, the Court can infer Defendants may not have reasonably conducted the reinvestigations.

Because the Court finds that Plaintiff has pled sufficient facts to support his claim that Defendants did not conduct reasonable reinvestigations, the Court denies Defendants' Motion with respect to § 1681i.

### C. Collateral Attack on the Underlying Debt

Lastly, Defendants rely on *Carvalho* to argue that Plaintiff's claims constitute a collateral attack on the underlying debt, and that the FCRA "is not the proper vehicle for collaterally attacking the legal validity of debt appearing on the consumer report." (MJOP at 4.)

As Plaintiff notes in his Response, the facts of *Carvalho* materially differ from the allegations in the case at bar. (Resp. at 5.) In *Carvalho*, the plaintiff obtained medical services from Bayside Medical Group. 629 F.3d at 882. The plaintiff had signed an agreement that stated she be would be responsible for payment in the event that her insurance company did not pay. *Id.* Neither she nor her insurance company ever remitted payment for the services. *Id.* The debt later appeared on the plaintiff's credit report. *Id.*

In her dispute letters to the credit reporting agencies, the plaintiff alleged that it was her insurance company who "wrongfully refused to pay" the medical bill. *Id.* Later, she argued Bayside "failed to timely and properly" bill her insurer. *Id.* at 883. The crux of the plaintiff's argument, therefore, was not that the information reported was inaccurate—the plaintiff herself admitted that it was technically accurate—but rather that it was "misleading because she was not legally obligated to pay Bayside until Bayside had properly billed her insurer." *Id.* at 891.

The court in *Carvalho* granted summary judgment because the plaintiff failed to establish a requisite element of a *prima facie* reinvestigation claim: inaccuracy. *Id.* at 892. Here, Plaintiff has sufficiently alleged that Defendants reported inaccurate information on his credit files. The question remaining is whether Defendants were reasonable in their preparation of those files and their reinvestigations of the disputed information.

Further, under Defendants' reading of the statute, any alleged violation of § 1681i would constitute a collateral attack on the underlying debt. The purpose of the statute and the consumer protections FCRA seeks to ensure would be eviscerated if the Court were to adopt Defendants' interpretation. Accordingly, the Court rejects Defendants' argument that Plaintiff's claim serves only as a collateral attack on the underlying debt.

### D. Motion to Amend

In his Motion to Amend, Plaintiff seeks only to add one allegation to the FAC. As indicated above, the addition of this allegation is not futile. The Court therefore grants Plaintiff's Motion to Amend under Rule 15(a).

**IT IS THEREFORE ORDERED** denying Defendant Trans Union LLC's Motion for Judgment on the Pleadings (Doc. 39).

**IT IS FURTHER ORDERED** denying Defendant Experian Information Solutions, Inc.'s Motion for Judgment on the Pleadings (Doc. 41).

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 50). Plaintiff shall file the Second Amended Complaint on the docket by September 6, 2017.

Dated this 31st day of August, 2017.

                                                   Honorable John J. Tuchi
                                                   United States District Judge